| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Permian Holdco 1, Inc.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  81-4317551

**4. Debtor's address**

Principal place of business

**2701 W. Interstate 20**
**Odessa, TX 79766**
Number, Street, City, State & ZIP Code

**Ector**
County

Mailing address, if different from principal place of business

P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business

Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL)  www.permianlide.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

3.   266166

Debtor **Permian Holdco 1, Inc.**  Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**3324**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ☒ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | See Schedule 1 | Relationship | _____ |
|---|---|---|---|
| District | _____ | When _____ | Case number, if known _____ |

Debtor  **Permian Holdco 1, Inc.**               Case number (*if known*)
        Name

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency
         Contact name
         Phone

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☒ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☒ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor **Permian Holdco 1, Inc.**  Case number (*if known*)
  Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **07/19/2020**
  MM / DD / YYYY

**X**  */s/ Chris Maier*                                **Chris Maier**
  Signature of authorized representative of debtor                Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**  **X**  */s/ M. Blake Cleary*             Date  **07/19/2020**
      Signature of attorney for debtor                      MM / DD / YYYY

**M. Blake Cleary**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  302-571-6600    Email address  **mbcleary@ycst.com**

**3614 (DE)**
Bar number and State

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the Debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

| Company | Tax ID# |
|---|---|
| Permian Holdco 1, Inc. | 81-4317551 |
| Permian Holdco 2, Inc. | 81-4328848 |
| Permian Holdco 3, Inc. | 81-4340700 |
| Permian Tank & Manufacturing, Inc. | 26-2818889 |

**PERMIAN HOLDCO 1, INC.**
**PERMIAN HOLDCO 2, INC.**
**PERMIAN HOLDCO 3, INC.**
**AND**
**PERMIAN TANK AND MANUFACTURING, INC.**
**OFFICER'S CERTIFICATE**

July 19, 2020

I, Chris Maier, hereby certify that I am a duly appointed, qualified and acting officer of Permian Holdco 1, Inc., a Delaware corporation, Permian Holdco 2, Inc., Permian Holdco 3, Inc., and Permian Tank and Manufacturing, Inc. (each a "Company" and collectively, the "Companies") and that, in such capacity, I am authorized to execute and deliver this certificate. I do hereby further certify as follows:

The resolutions attached hereto as Exhibit A were duly adopted at a meeting (duly convened where a quorum of directors was present) of the Board of Directors of the Companies held on July 19, 2020, and such resolutions have not been amended or revoked, and are now in full force and effect.

IN WITNESS WHEREOF, I have duly executed this certificate as of the first date written above.

_____
Chris Maier, Officer

Exhibit A

**WHEREAS**, the Board of Directors (the "Board") of each of Permian Holdco 1, Inc. ("Holdco 1"), Permian Holdco 2, Inc. ("Holdco 2"), Permian Holdco 3, Inc. ("Holdco 3"), and Permian Tank and Manufacturing, Inc. ("Permian Tank" and together with Holdco 1, Holdco 2, and Holdco 3, each a "Company" and collectively, the "Companies") reviewed the performance and results of the Companies, the market in which the Companies operate, their current and future liquidity needs, their business prospects, and their current and long-term liabilities;

**WHEREAS**, the Board has reviewed the materials presented by its legal and other advisors and have engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and has had the opportunity to fully consider, the Companies' financial condition, including its liabilities and liquidity position, the strategic alternatives available to it, and the impact of the foregoing on the Companies' businesses and operations; and

**WHEREAS**, the Board, in consultation with the Companies' legal and other advisors, and in consideration of all the applicable facts and circumstances recommended to the Board, and the Board has determined that it is desirable and in the best interests of the Companies, their creditors, and other parties in interest that the Companies file or cause to be filed a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that each of the Companies shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction.

**RESOLVED FURTHER**, that any one or more officers of each Company, including the Chief Restructuring Officer (each an "Authorized Person" and collectively, the "Authorized Persons") are authorized, empowered, and directed, in the name and on behalf of such Company, to execute and verify all petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court and to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the restructuring of such Company and to execute, verify, and cause to be filed all documents in furtherance thereof, at such time as such Authorized Person executing the same shall determine.

**RESOLVED FURTHER**, that each Authorized Person is authorized, empowered, and directed, in the name and on behalf of each Company, to negotiate, enter into, execute, deliver, certify, file, record, and perform, or cause to be negotiated, entered into, executed, delivered, certified, filed, recorded, and performed, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, acknowledgments, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities,

pleadings, or other documents and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with such Company's chapter 11 case, such Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof.

**Retention of Advisors**

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Companies, to employ the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as general bankruptcy counsel to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance their rights and obligations, including filing any pleadings in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 cases, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Young Conaway.

**RESOLVED FURTHER**, that that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of Seaport Gordian Energy LLC ("Seaport") as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 cases; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Seaport.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as notice, claims, and balloting agent to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 cases, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Epiq.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, to employ any other professionals, including attorneys, accountants, financial advisors, investment bankers, and tax advisors, necessary to assist such Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 cases, and cause to be executed and filed appropriate

applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary.

**Other Authorizations and Ratification**

**RESOLVED FURTHER**, that, the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered and directed, in the name of and on behalf of each Company, to take any and all other actions as they may deem necessary or advisable to, in such Company's capacity as stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner or member of any of its subsidiaries and/or other entities that are debtors in the chapter 11 cases, to cause such subsidiaries and/or other entities to execute, to deliver and to perform any of the actions contemplated with respect to the chapter 11 cases and these resolutions (the "Resolutions") or the transactions contemplated hereby.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of each Company, to cause such Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper, or desirable to prosecute to a successful completion the chapter 11 cases, including implementing the Resolutions and the transactions contemplated by the Resolutions.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of each Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the Resolutions.

**RESOLVED FURTHER**, that the omission from these Resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the Resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the Resolutions.

**RESOLVED FURTHER**, that all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done by any Authorized Person or any director, employee, legal counsel, or other representative of or advisor to the Companies, in the name and on behalf of the Companies, which acts would have been approved by the Resolutions except that such acts were taken before the Resolutions were certified, are hereby in all respects approved and ratified.

**RESOLVED FURTHER**, that in connection with the transactions contemplated by the Resolutions, each Authorized Person of each Company be, and each of them individually hereby is, authorized in the name and on behalf of such Company, to certify any more formal or detailed

resolutions as such Authorized Person may deem necessary, appropriate, or desirable to effectuate the intent of the Resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the board of directors as if set forth at length herein.

26777723.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PERMIAN HOLDCO 1, INC., *et al.*,[1] | Case No. 20-\_\_\_\_\_ (\_\_\_) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS
PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession, hereby state as follows:

1. The following is a list of all holders of equity security interests in Permian Holdco 1, Inc.:

| Equity Holder | Nature of Interest Held | Unit Holdings and % Ownership |
|---|---|---|
| Goldman, Sachs & Co. | Series A Preferred<br>Common Stock | 2,676,914 (35.7%)<br>2,676,914 (30.2%) |
| New Mountain Finance Holdings, L.L.C. | Series B Preferred<br>Common Stock | 1,366,452 (100%)<br>1,366,452 (15.4%) |
| Solace Permian Holdings, LLC | Series A Preferred<br>Common Stock | 3,483,254 (46.4%)<br>3,483,254 (39.3%) |
| HMS Equity Holding, LLC | Series A Preferred<br>Common Stock | 386,255 (5.15%)<br>386,255 (4.35%) |
| Main Street Capital Corporation | Series A Preferred<br>Common Stock | 154,558 (2.06%)<br>154,558 (1.74%) |
| NYLIAC General Credit Value Partners SMA 1861 | Series A Preferred<br>Common Stock | 39,271 (0.52%)<br>39,271 (0.44%) |
| Bell Atlantic Master Trust | Series A Preferred<br>Common Stock | 39,271 (0.52%)<br>39,271 (0.44%) |
| Credit Value Master Fund IV-A1, LP | Series A Preferred<br>Common Stock | 35,344 (0.47%)<br>35,344 (0.40%) |
| Credit Value Master Fund III, LP | Series A Preferred<br>Common Stock | 210,491 (2.80%)<br>210,491 (2.37%) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Permian Holdco 1, Inc. (7551); Permian Holdco 2, Inc. (8848); Permian Holdco 3, Inc. (0700); and Permian Tank & Manufacturing, Inc. (8889). The Debtors' headquarters is located at 2701 W. Interstate 20, Odessa, TX 79766.

| | | |
|---|---|---|
| Credit Value Master Fund IV-B, LP | Series A Preferred<br>Common Stock | 3,927 (0.05%)<br>3,927 (0.04%) |
| Credit Value Partners Distressed Duration Master Fund, LP | Series A Preferred<br>Common Stock | 28,050 (0.37%)<br>28,050 (0.32%) |
| Great American Insurance Co. | Series A Preferred<br>Common Stock | 112,202 (1.50%)<br>112,202 (1.26%) |
| Great American Life Insurance Co. | Series A Preferred<br>Common Stock | 28,050 (0.37%)<br>28,050 (0.32%) |
| National Interstate Insurance Co. | Series A Preferred<br>Common Stock | 56,101 (0.75%)<br>56,101 (0.63%) |
| Republic Indemnity Company of America | Series A Preferred<br>Common Stock | 28,050 (0.37%)<br>28,050 (0.32%) |
| United Teacher Associates | Series A Preferred<br>Common Stock | 84,151 (1.12%)<br>84,151 (0.95%) |
| Continental General Insurance Company | Series A Preferred<br>Common Stock | 28,050 (0.37%)<br>28,050 (0.32%) |
| SHP Capital Solutions Fund L.P. | Series A Preferred<br>Common Stock | 110,407 (1.47%)<br>110,407 (1.24%) |

2. Permian Holdco 2, Inc. is 100% owned by Permian Holdco 1, Inc.

3. Permian Holdco 3, Inc. is 100% owned by Permian Holdco 2, Inc.

4. Permian Tank & Manufacturing, Inc. is 100% owned by Permian Holdco 3, Inc.

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Permian Holdco 1, Inc., et al. | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): 20-xxxx | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PROSPERITY BANK 620 N GRANT AVE ODESSA, TX 79761 | CONTACT: JEFFREY FREELS, VP PHONE: 432-552-1333 FAX: 432-332-8196 JEFFREY.FREELS@PROSPERITYBANKUSA.COM | PAYCHECK PROTECTION PROGRAM LOAN | CONTINGENT | | | $4,698,500.00 |
| 2 | WILLBANKS METALS, INC. 1155 N.E. 28TH ST. FORT WORTH, TX 76106 | PHONE: 817- 625-6161 FAX: 817-625-8487 KYLE.MCKILLIP@WILLBANKSMETALS.COM | TRADE PAYABLE | | | | $1,222,826.39 |
| 3 | VINSON & ELKINS LLP 2001 ROSS AVENUE DALLAS, TX 75201 | CONTACT: MATTHEW R. STAMMEL, PARTNER PHONE: 214-220-7700 FAX: 214-220-7716 MSTAMMEL@VELAW.COM | TRADE PAYABLE | CONTINGENT | | | $776,148.89 |
| 4 | JB HUNT TRANSPORTATION, INC. 615 J.B. HUNT CORPORATE DRIVE LOWELL, AR 72745-9142 | PHONE: 972-346-3290 BRYAN.ROHDE@JBHUNT.COM | TRADE PAYABLE | | | | $737,818.50 |
| 5 | SHERWIN WILLIAMS 25 WHITNEY DRIVE SUITE 106 MILFORD, OH 45150 | PHONE: 972-669-2300 FAX: 216 566-2947 AMANDA.L.WALDO@SHERWIN.COM | TRADE PAYABLE | | | | $606,970.94 |
| 6 | MRC GLOBAL (US) INC. 835 HILLCREST DRIVE CHARLESTON, WV 25311 | PHONE: 304-348-4927 INFO@MRCGLOBAL.COM | TRADE PAYABLE | | | | $311,697.43 |
| 7 | WIFCO DEPARTMENT 1047 P.O. BOX 3500 CLAREMORE, OK 74018 | PHONE: 800-258-1392 JOSH@WIFCOSP.COM | TRADE PAYABLE | | | | $277,397.05 |

Debtor: Permian Holdco 1, Inc.    Case Number (if known): 20-xxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 AIRGAS USA, LLC<br>110 WEST 7TH STREET, SUITE 1300<br>TULSA, OK  74119 | CONTACT: RIKKI DIXON<br>FAX: 610-687-6932<br>KRIS.VILLALOBOZ@AIRGAS.COM | TRADE PAYABLE | | | | $257,733.55 |
| 9 CARRINGTON COLEMAN SLOMAN<br>901 MAIN STREET<br>SUITE 5500<br>DALLAS, TX  75202 | PHONE: 214-855-3000<br>FAX: 214-855-1333<br>MSUTHERLAND@CCSB.COM | TRADE PAYABLE | | | | $210,381.58 |
| 10 PROSPERITY BANK<br>620 N GRANT AVE<br>ODESSA, TX  79761 | CONTACT: JEFFREY FREELS, VP<br>PHONE: 432-552-1333<br>FAX: 432-332-8196<br>JEFFREY.FREELS@PROSPERITYBANKUSA.COM | TRADE PAYABLE | | | | $161,660.53 |
| 11 BAKER TILLY VIRCHOW KRAUSE, LLP<br>205 NORTH MICHIGAN AVENUE<br>CHICAGO, IL  60601-5927 | PHONE: 312-729-8000<br>KEVIN.SIMMS@BAKERTILLY.COM | TRADE PAYABLE | | | | $161,511.84 |
| 12 COMPOSITES ONE, LLC<br>4526 PAYSPHERE CIRCLE<br>CHICAGO, IL  60674 | PHONE: 817-595-4991<br>FAX: 800-822-9696<br>TOM.ALWICKER@COMPOSITESONE.COM | TRADE PAYABLE | | | | $156,769.53 |
| 13 INDUSTRIAL PIPING SPECIALISTS<br>606 N. 145TH E. AVE<br>TULSA, OK  74158-1270 | PHONE: 307-995-4000<br>FAX: 877-436-9095<br>MSTAFFORD@IPIPES.COM | TRADE PAYABLE | | | | $153,088.25 |
| 14 PRO INSPECTION, INC.<br>6975 EAST COMMERCE STREET<br>ODESSA, TX  79762 | PHONE: 432-362-2247<br>FAX: 432-362-2247<br>NCARTHEL@CTSINSPECTION.COM | TRADE PAYABLE | | | | $124,493.00 |
| 15 RATNER STEEL<br>2500 WEST COUNTY ROAD B<br>ROSEVILLE, MN  55113 | PHONE: 651-631-8515<br>FAX: 651-631-8512<br>INFO@RATNERSTEEL.COM | TRADE PAYABLE | | | | $83,175.43 |
| 16 DELAWARE SECRETARY OF STATE<br>JOHN G. TOWNSEND BLDG.<br>401 FEDERAL STREET<br>SUITE 4<br>DOVER, DE  19901 | FAX: 302-739-3811<br>DOSDOC_UCC@DELAWARE.GOV | TAXES | | | | $80,603.00 |
| 17 GLENS WELDING<br>415 S 1ST<br>TEMPLE, TX  76504 | FAX: 254-742-1606<br>MALOVETS5@GMAIL.COM | TRADE PAYABLE | | | | $74,244.61 |
| 18 BLACK STAR ENERGY SERVICES<br>12401 WCR 100<br>ODESSA, TX  79765 | PHONE: 432-271-9618<br>FAX: 432-561-5502<br>JPOE@BLACKSTARENERGYSERVICES.COM | TRADE PAYABLE | | | | $73,241.84 |
| 19 TAYLOR LEASING AND RENTAL<br>3690 NORTH CHURCH AVE<br>LOUISVILLE, MS  39339 | CONTACT: STEPHEN ARNETT<br>SARNETT@TAYLORBIGRED.COM | TRADE PAYABLE | | | | $72,252.26 |
| 20 TRINITY HEADS, INC.<br>11765 HWY 6 SOUTH<br>NAVASOTA, TX  77868 | PHONE: 800-392-3594<br>FAX: 936-825-6470<br>RANDY.HEMANN@TRIN.NET | TRADE PAYABLE | | | | $67,704.00 |
| 21 EXPERT CRANE<br>5755 GRANT AVE<br>CLEVELAND, OH  44105 | PHONE: 432-272-3638<br>FAX: 216-451-9904 | TRADE PAYABLE | | | | $57,861.87 |

Debtor: Permian Holdco 1, Inc.   Case Number (if known): 20-xxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 TAX ADVISORS GROUP, INC. 12400 COIT ROAD DALLAS, TX 75251 | CONTACT: AARON MARTIN PHONE: (972) 503-7506 FAX: 972-503-7940 AMARTIN@TAXADVISORSGROUP.COM | TRADE PAYABLE | | | | $57,562.10 |
| 23 HAWKEYE INDUSTRIES INC. 2720 SOUTH WILLOW AVENUE BLOOMINGTON, CA 92316 | PHONE: 780-490-4295 FAX: 909-546-1161 CJACINTO@HAWK-EYE.COM | TRADE PAYABLE | | | | $55,383.85 |
| 24 POLYNT COMPOSITES USA INC. 4742 SOLUTIONS CENTER CHICAGO, IL 60677-4007 | PHONE: 800-322-8103 MARTY.GUDMUNDSON@POLYNT.COM | TRADE PAYABLE | | | | $55,345.92 |
| 25 MONSTER ENERGY SERVICES LLC 11510 N 1990 RD ELK CITY, OK 73644 | PHONE: 580-225-4387 NEIL@MONSTERENERGYSERVICES.COM | TRADE PAYABLE | | | | $53,850.00 |
| 26 METAL FAB PRODUCTS, INC. 715 W 81ST STREET ODESSA, TX 79764 | FAX: 432-362-9412 DON.GREGORY@METALFABPRODUCTS.COM | TRADE PAYABLE | | | | $49,392.00 |
| 27 TALLEY TRANSPORTATION, LLC. P.O. BOX 212 STURGIS, SD 57785 | CONTACT: RYAN TALLEY PHONE: 605-490-2320 BEV@TALLEYTRANSPORT.COM | TRADE PAYABLE | | | | $49,045.16 |
| 28 WILLIAMS SCOTSMAN INC 901 S. BOND STREET SUITE 600 BALTIMORE, MD 21231 | PHONE: 800-782-1500 EFREN.LICON@WILLSCOT.COM | TRADE PAYABLE | | | | $49,022.42 |
| 29 RED-D-ARC RENTALS INC 685 LEE INDUSTRIAL BLVD AUSTELL, GA 30168-7434 | FAX: 678-460-0129 LODEMA.FARRIS@AIRGAS.COM | TRADE PAYABLE | | | | $48,347.09 |
| 30 BUTTE COUNTY TREASURER OFFICE 25 COUNTY CENTER DRIVE SUITE 125 OROVILLE, CA 95965 | PHONE: 605-892-4456 DEBBIE@BUTTESD.ORG | TAXES | | | | $48,275.62 |

**Fill in this information to identify the case and this filing:**

Debtor Name  Permian Holdco 1, Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (*If known*): 20-_____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration: *Combined Corporate Ownership Statement and List of Equity Interest Holders of Permian Holdco 1, Inc.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/19/2020
MM / DD / YYYY

/s/ Chris Maier
Signature of individual signing on behalf of debtor

Chris Maier
Printed name

Chief Restructuring Officer
Position or relationship to debtor

8

4.   266166